1  Sevan Gobel, Esq. (SBN: 221768)
   sgobel@lbbklaw.com
2  LAGASSE BRANCH BELL + KINKEAD LLP
   626 Wilshire Blvd., Suite 1000
3  Los Angeles, CA 90017
   Telephone:  (213) 817-9152
4  Facsimile:  (213) 817-9154

5  Attorneys for Defendant
   COSTCO WHOLESALE CORPORATION
6  (erroneously sued and served as COSTCO WHOLESALE MEMBERSHIP, INC.)

7

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  LEILA CORDERO, | CASE NO. |
| 12             Plaintiff, | |
| 13       vs. | **DEFENDANT COSTCO WHOLESALE CORPORATION NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332, 1441(b)** |
| 14  COSTCO WHOLESALE MEMBERSHIP, INC., and DOES 1 to 25, | |
| 15 | |
| 16             Defendants. | |
| 17 | |
| 18 | [Filed Concurrently with the Declaration of Sevan Gobel; Notice of Interested Parties] |
| 19 | |
| 20 | State Action filed:  7/12/2022 |
| 21 | |

22  **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR**

23  **THE CENTRAL DISTRICT OF CALIFORNIA:**

24         PLEASE TAKE NOTICE that Defendant COSTCO WHOLESALE

25  CORPORATION ("COSTCO"), hereby invokes this Court's jurisdiction under the

26  provisions of 28 U.S.C. sections 1332 and 1441(b) and removes Case No.

27  22AVCV00502 (the State Court Action) from the Superior Court of the State of

28  California, County of Los Angeles.

-1-
NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR
THE CENTRAL DISTRICT OF CALIFORNIA

## I. PLEADINGS AND PROCEEDINGS TO DATE

1. On July 12, 2022, the State Court Action was commenced in the Superior Court of the State of California in and for the County of Los Angeles under Case No. 22STCV22422. In the State Court Action, Plaintiff LEILA CORDERO set forth causes of action for: (1) Premises Liability; and (2) Negligence against Defendants COSTCO WHOLESALE MEMBERSHIP, INC. and DOES 1 through 25.

2. On July 15, 2022, Plaintiff served COSTCO with the Summons and Complaint in the State Court Action. True and correct copies of the Summons and Complaint are attached as Exhibit A to the Declaration of Sevan Gobel (Gobel Decl.) filed concurrently herewith. Gobel Decl. ¶ 3.

3. On July 21, 2022, COSTCO filed and served an Answer to the Complaint in the State Court Action. A true and correct copy of COSTCO's Answer is attached as Exhibit B to the Gobel Declaration filed concurrently herewith. Gobel Decl. ¶ 4.

4. Plaintiff's Complaint is silent as to the amount in controversy or monetary damages. Gobel Decl. ¶ 5; see Complaint, passim (Gobel Decl., Exhibit A).

5. On September 20, 2022, Plaintiff served a response to Request for Admissions, Set One, wherein she revealed in response to Request for Admission Nos. 24 and 27 that the amount in controversy exceeded the $75,000 requirement for Federal diversity jurisdiction and that she is a resident of Los Angeles County. A true and correct copy of Plaintiff's responses to Request for Admissions, Set One is attached as Exhibit C to the Gobel Declaration filed concurrently herewith. Gobel Decl. ¶ 6.

6. On September 20, 2022, Plaintiff served responses to Special Interrogatories, Set One, wherein plaintiff stated in response to Special Interrogatory No. 31 that she is claiming damages in the total sum of $500,000 for

general damages. A true and correct copy of Plaintiff's responses to Special Interrogatories, Set One is attached as Exhibit D to the Gobel Declaration filed concurrently herewith. Gobel Decl. ¶ 7.

7. On September 20, 2022, Plaintiff served responses to Form Interrogatories, Set One, wherein plaintiff stated in response to Interrogatory No. 2.5 that her present residence is located at 16208 Comuta Avenue, Bellflower, CA 90706 and that she has lived at this residence from 2016 to the present. A true and correct copy of Plaintiff's responses to Form Interrogatories, Set One is attached as Exhibit E to the Gobel Declaration filed concurrently herewith. Gobel Decl. ¶ 8.

## II. TIMELINESS OF REMOVAL

8. When a case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained the case is subject to removal. 28 U.S.C. § 1446(b)(3).

9. Here, COSTCO learned on September 20, 2022, the amount in controversy exceeded the requirement for Federal diversity jurisdiction, as Plaintiff's response to Request for Admission and response to Special Interrogatories state that she is seeking the sum of which is unknown at this time in combined special and general compensatory damages. Gobel Decl. ¶¶ 6 and 7; Exhibits C and D.

10. As such, this Notice of Removal is timely filed in that it has been filed within thirty (30) days after receipt by COSTCO of an "other paper" (i.e., Plaintiff's response to Request for Admission and response to Special Interrogatories) on September 20, 2022, from which it could first be ascertained that the case is removable, pursuant to 28 U.S.C. § 1446(b), and within one year of the filing of the Complaint.

///

### III. DIVERSITY JURISDICTION

11. Diversity is present when an action is between citizens of a state and citizens or subjects of a foreign state, or between citizens of different states and in which citizens or subjects of a foreign state are additional parties. 28 U.S.C. § 1332.

12. Citizenship of the parties in the State Court Action is determined by their citizenship status at the State Court Action's commencement. See <u>Mann v. City of Tucson</u>, 782 F.2d 790, 794 (9th Cir. 1986).

13. To establish citizenship for diversity purposes, a natural person must first be a citizen of the United States and a domiciliary of one particular state. <u>Newman-Green, Inc. v. Alfonzo-Larrain</u>, 490 U.S. 826, 828 (1989); <u>Kantor v. Wellesley Galleries, Ltd.</u>, 704 F.2d 1099, 1090 (9th Cir. 1983).

14. Here, Plaintiff stated in response to discovery that she resides at 16208 Comuta Avenue, Bellflower, CA 90706. Gobel Decl. ¶ 8; Exhibit E. Plaintiff also admitted to being a resident of Los Angeles County. Gobel Decl. ¶ 6; Exhibit C.

15. For purposes of diversity, a corporation is considered a citizen of any state in which it is incorporated and where it has a principal place of business. 28 U.S.C. § 1332(c)(1).

16. Defendant COSTCO both at the time this action was commenced and at the time it was removed to Federal Court, is a citizen of the State of Washington within the meaning of Section 1332(c)(1), because it was at all times a corporation formed under the laws of the State of Washington, and a citizen of the State of Washington because its corporate headquarters and principal executive offices, and thus its principal place of business, are located in Issaquah, Washington. Gobel Decl. ¶ 9.

17. Defendants DOES 1 to 25 are wholly fictitious. The Complaint does not set forth the identity or status of any said fictitious defendants, nor does it set

forth any charging allegation against any fictitious defendants. The naming of said fictitious defendants does not destroy the diversity of citizenship between the parties in this action and are to be disregarded. 28 U.S.C. § 1441(a); <u>Newcombe v. Adolf Coors Co.</u>, 157 F.3d 686, 690-91 (9th Cir. 1998).

18. As such, there is complete diversity of citizenship because this action is brought between citizens of different states under the definition of 28 U.S.C. § 1332.

### IV. AMOUNT IN CONTROVERSY

19. Where a plaintiff's state court complaint is silent as to the amount of damages claimed, the removing defendant need only establish that it is more probable than not that the plaintiff's claim exceeds the jurisdictional minimum. <u>Sanchez v. Monumental Life Ins. Co.</u>, 95 F.3d 856, 860-61 (9th Cir. 1996).

20. In determining whether the amount in controversy exceeds $75,000, the Court must presume the plaintiff will prevail on each and every one of his claims. <u>Kenneth Rothschild Trust v. Morgan Stanley Dean Witter</u>, 199 F.Supp.993, 1001 (C.D. Cal. 2002), citing <u>Burns v. Windsor Ins. Co.</u>, 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes "plaintiff prevails on liability") and <u>Angus v. Shiley Inc.</u>, 989 F.2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated"). The argument and facts set forth herein may appropriately be considered in determining whether the jurisdictional amount in controversy is satisfied. <u>Cohn v. Petsmart, Inc.</u>, 281 F.3d 837, 843 n.1 (9th Cir. 2002), citing <u>Willingham v. Morgan</u>, 395 U.S. 402, 407 n.3 (1969).

21. In this case, Plaintiff's Complaint alleges that Plaintiff suffered injuries when she was injured by an umbrella on the premises of COSTCO's retail store located in Lakewood, California on or about July 15, 2020. Complaint, (Exhibit A).

22. Plaintiff's response to Request for Admission No. 24 and Special Interrogatory No. 31 reveal that she is seeking damages in excess of $75,000 and specifically $500,000 for general damages. Gobel Decl. ¶ 6 and 7; Exhibits C and D.

23. As such, the amount in controversy as to Plaintiff's claims exceeds the jurisdictional amount of $75,000.

## V.   VENUE

24. Venue of the State Court Action lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1441(a) and 1391(c) because this is the judicial district of this Court in which the action arose and where the causes of action arose.

25. COSTCO will provide written notice of the filing of this Notice of Removal to adverse parties as required by 28 U.S.C. section 1446(d) and will file a copy with the Clerk of Court of the Superior Court of California, County of Los Angeles. Gobel Decl. ¶ 10.

26. COSTCO is currently represented by the undersigned attorney and agrees to this Notice of Removal.

WHEREFORE, Defendant COSTCO removes the above-entitled action now pending in the Superior Court of the State of California for the County of Los Angeles to this Court, and that this Court assume full jurisdiction over this action as provided by law.

Dated: October 3, 2022

LAGASSE BRANCH BELL + KINKEAD LLP

By: _____
Sevan Gobel, Esq.
Attorneys for Defendant
COSTCO WHOLESALE CORPORATION